# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VENESSA ADDALLI, | § | |
| | § | No. 410, 2020 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K19C-06-028 |
| PATRICK BOYER, ESQUIRE, and | § | |
| MACELREE HARVEY, LTD., | § | |
| | § | |
| Defendants Below, Appellees. | § | |

Submitted: June 25, 2021
Decided:    August 6, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Venessa Addalli, appeals from the Superior Court's October 29, 2020 order granting summary judgment in favor of the appellees, Patrick Boyer, Esquire, and law firm MacElree Harvey, Ltd.  For the reasons discussed below, we affirm the Superior Court's judgment.

(2)    The record reflects that Addalli retained Boyer for assistance with ancillary matters and a custody dispute following Addalli's divorce from her husband.  Addalli and her ex-husband agreed to a settlement of the matters, and the

Family Court entered a Qualified Domestic Relations Order ("QDRO") on July 6, 2016. The QDRO divided the ex-spouses' debts and assets and provided that Addalli's ex-husband would pay alimony and child support totaling $6,500 month.

(3) On June 21, 2019, Addalli filed a legal malpractice complaint against Boyer and MacElree Harvey in the Superior Court. She filed an amended complaint on August 23, 2019. Addalli alleged that Boyer provided poor advice regarding the settlement and the likely outcomes of the litigation, failed to ascertain all the relevant facts, spoke to Addalli in a threatening manner, billed Addalli for time spent communicating with her by phone and email instead of meeting with her in person, and submitted the stipulated order regarding the ancillary matters to the court without ensuring that Addalli's ex-husband had also signed an agreement settling the custody dispute. The defendants answered on October 3, 2019, and demanded a jury trial.

(4) The Superior Court entered a scheduling order on October 8, 2019. The order established June 8, 2020, as the cutoff for the plaintiff's expert discovery; September 8, 2020, as the cutoff for the defendants' expert discovery; October 2020, 2020, as the deadline for the completion of discovery; and a trial date of February 22, 2021. On June 9, 2020, the defendants moved for summary judgment on the grounds that Addalli had not identified an expert witness. In response, Addalli requested more time to find an expert. On September 22, 2020, the Superior Court

sent Addalli a letter instructing her that she had until the close of discovery, October 20, 2020, to provide the defendants with expert discovery or summary judgment would be granted.

(5)     Addalli still did not identify an expert witness, and on October 29, 2020, the Superior Court granted the defendants' motion for summary judgment.[1]  The court held that, in cases involving alleged legal malpractice in which a jury trial is demanded, a plaintiff's failure to provide expert testimony showing that the defendant attorney breached his duty of care and that the breach caused injury to the plaintiff is fatal to the plaintiff's case, unless the alleged professional mistake is such that a layperson would be able to find that the attorney acted negligently.

(6)     On appeal, we review the Superior Court's grant or denial of a summary judgment motion *de novo*.[2]  On a motion for summary judgment, the moving party must demonstrate that there are no genuine issues of material fact and that, viewing the facts in the light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law.[3]

(7)     To succeed on a claim of legal malpractice, the plaintiff must establish (i) the employment of the attorney; (ii) the attorney's neglect of a professional

---

[1] *Addalli v. Boyer*, 2020 WL 6376634 (Del. Super. Ct. Oct. 29, 2020).
[2] *ConAgra Foods, Inc. v. Lexington Ins. Co.*, 21 A.3d 62, 68 (Del. 2011).
[3] DEL. SUPER. CT. CIV. R. 56(c). *Lorenzetti v. Enterline*, 2012 WL 1383186, at *1 (Del. Apr. 18, 2012).

obligation, and (iii) resulting loss—specifically, that the underlying action would have been successful but for the lawyer's negligence.[4] It is settled that a plaintiff must present expert testimony to support a claim of legal malpractice, except in those cases where the lawyer's mistakes are so obvious that a layperson, exercising common sense, would be competent to determine whether the lawyer acted negligently.[5]

(8) Having undertaken a careful, *de novo* review of the record in this case, we conclude that the Superior Court did not err when granting the defendants' motion for summary judgment. Addalli correctly observes—and the Superior Court recognized—that the Superior Court has held in some cases that an expert witness is not required when claims of legal malpractice will be presented in a bench trial.[6] In this case, however, the defendants demanded a jury trial, and Addalli was therefore required to provide expert testimony in support of her claims to survive summary judgment.

(9) Finally, Addalli argues that the Superior Court should have given her more time to find an expert witness. But Addalli did receive additional time and,

---

[4] *Lorenzetti*, 2012 WL 1383186, at *2.

[5] *See id.* (affirming grant of summary judgment where plaintiff did not retain an expert in support of his legal malpractice claim). *See also Weaver v. Lukoff*, 1986 WL 17121, at *1 (Del. July 1, 1986) ("As a general rule the standard of care applicable to a professional can only be established through expert testimony. An exception to this rule exists, however, when the professional's mistake is so apparent that a layman, exercising his common sense, is perfectly competent to determine whether there was negligence." (citations omitted)).

[6] *E.g., Cannon v. Poliquin*, 2020 WL 1076051, at *1 (Del Super. Ct. Mar. 5, 2020).

despite her apparent efforts, she failed to identify an expert witness. The Superior Court acted within its discretion when declining to afford Addalli a further extension.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[7] *See Anderson v. AIG Auto Ins. Co.*, 2007 WL 2410898, at *2 (Del. Aug. 24, 2007) ("The record reflects that the Superior Court afforded Anderson, a pro se litigant, every reasonable opportunity to litigate his claims, but, in the end, acted appropriately and well within its discretionary authority to manage its own docket when it dismissed Anderson's case.").